## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 17 2019, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas P. Keller
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Henry McNeal Turner IV,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 17, 2019

Court of Appeals Case No.
18A-CR-2745

Appeal from the St. Joseph
Superior Court

The Honorable Jane Woodward
Miller, Judge

Trial Court Cause No.
71D01-1805-F1-8

**Pyle, Judge.**

# Statement of the Case

Henry Turner IV ("Turner") appeals his conviction following a jury trial of six counts of Level 1 felony attempted murder.[1] He argues that there is insufficient evidence to support his convictions. Concluding that the evidence is sufficient, we affirm Turner's convictions.

We affirm.

# Issue

> Whether there is sufficient evidence to support Turner's convictions for attempted murder.

# Facts

The facts most favorable to the verdict reveal that in March 2018, Turner told others who associated with a gang on the west side of South Bend that he was upset about a disrespectful social media post concerning a deceased friend. Turner explained that rival gang members on the southeast side of South Bend had made the post. Turner stated that he wanted to go to the southeast side to "shoot" and that he "wanted to kill." (Tr. Vol. 2 at 7, 9). Turner further told his associates that there was a party on the southeast side of town. He thought that the front door to the party would be unlocked and that he and his

---

[1] IND. CODE §§ 35-41-5-1 and 35-42-1-1.

associates could walk in and shoot the guests. Several of his associates agreed to accompany him.

[4] After arriving at the party, which included fifty to seventy guests crowded into one house, Turner and two associates approached the front door and opened it. Turner then walked into the house and began shooting. Turner emptied the entire magazine in his gun. When the shooting ended, "people [were] screaming and hollering and there was blood everywhere." (Tr. Vol. 1 at 73). Six party guests were treated for gunshot wounds. Five of those victims had multiple gunshot wounds. One of the victims with multiple gunshots nearly died and has permanent physical and emotional scars.

[5] The State subsequently charged Turner with six counts of attempted murder, six counts of Level 5 felony battery with a deadly weapon, and one count of Level 5 felony criminal recklessness. The State also charged Turner with a criminal gang enhancement. The jury convicted him of all counts.

[6] The trial court entered judgment on the six attempted murder convictions. During the sentencing hearing, the trial court addressed the nature of the offense as follows: "This was truly the real life equivalent of shooting fish in a barrel. The fact that no one died is not a reflection of [Turner's] intent, it merely demonstrates that he lacked the marksmanship skills to effectuate his intent." (Tr. Vol. 3 at 47).

[7] Thereafter, the trial court sentenced Turner to thirty-five (35) years for the conviction involving the most seriously injured victim. The trial court further

sentenced Turner to thirty (30) years for each of the five other attempted murder convictions. It ordered the five thirty-year sentences to run concurrently with each other and consecutively with the thirty-five-year sentence. The trial court further enhanced this sixty-five (65) year sentence by thirty-five (35) years for the criminal gang enhancement, for a total executed sentence of one hundred (100) years. Turner now appeals his attempted murder convictions.

## Decision

[8] Turner argues that there is insufficient evidence to support his six convictions for attempted murder. Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility. *Id.* We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.* at 147.

[9] In order to convict Turner of Level 1 felony attempted murder, the State had to prove beyond a reasonable doubt that Turner engaged in conduct that constituted a substantial step toward intentionally killing the six victims. *See* I.C. § 35-41-5-1 and § 35-42-1-1. Turner's sole argument is that there is insufficient evidence that he intended to kill victims.

[10]     A conviction for attempted murder requires proof of a specific intent to kill. *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008). Intent is a mental state, and intent to kill may be inferred from the circumstances surrounding the offense. *Perez v. State*, 872 N.E.2d 208, 213 (Ind. Ct. App. 2007), *trans. denied*. The trier of fact may also infer intent to kill from the use of a deadly weapon in a manner likely to cause death. *Henley*, 881 N.E.2d at 652. Firing a gun in the direction of an individual is substantial evidence from which a jury may infer intent to kill. *Id.*

[11]     Here, our review of the evidence reveals that Turner was so upset by a disrespectful social media post that he wanted to "shoot" and "kill." (Tr. Vol. 2 at 7, 9). He then went to a very crowded party on the southeast side of South Bend, walked through the front door, and emptied the magazine in his gun into the crowd of party guests. This is sufficient evidence that Turner intended to kill the victims and to support Turner's six Level 1 felony attempted murder convictions. *See Gamble v. State*, 831 N.E.2d 178, 186 (Ind. Ct. App. 2005), *trans. denied*, (explaining testimony that Gamble wanted to kill accompanied by testimony that he retrieved a gun and shot the victim showed Gamble's intent to kill the victim).

[12]     Affirmed.

Riley, J., and Bailey, J., concur.